IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRACY MOORE                                                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO.  1:19cv66-MPM-DAS

WAL-MART STORES, INC. AND EMPLOYEE
DOE(S)                                                                                      DEFENDANTS

## ORDER DENYING MOTION FOR DISCOVERY

Before the court is plaintiff's *pro se* motion docketed as a Motion for Discovery. The filing is styled as Plaintiff's Opposition to Defendants' Motion to Stay Discovery. However, there is no motion to stay discovery. Rather, in response to plaintiff's interrogatories and requests for production propounded before the Rule 26(f) conference, Wal-Mart sent plaintiff a letter asking that she either acknowledge that discovery is stayed pending the Rule 26(f) conference or sign a good faith certificate that the parties had attempted to resolve the dispute before seeking recourse in the court. Wal-Mart indicated in that letter it would file a motion to stay if plaintiff insisted it respond to discovery prior to the conference. Instead of signing either the acknowledgement or the good faith certificate, plaintiff filed the instant motion. In addition to expressing opposition to a nonexistent motion, plaintiff asks this court to compel defendants to respond.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules . . . ." Fed. R. Civ. P. 26(d)(1). Plaintiff argues she is entitled to responses to her discovery as "Early Rule 34 Requests." *See* Fed. R. Civ. P. 26(d)(2)(A)(i) ("More than 21 days after the summons and complaint are served on a party, a request under rule 34 may be delivered to that party by any other party."). However,

"[t]he request is considered to have been served *at the first Rule 26(f) conference*." Fed. R. Civ. P. 26(d)(2)(B) (emphasis added). Moreover, Rule 34 provides that responses to Rule 34 requests are due "within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days *after the parties' first Rule 26(f) conference*." Fed. R. Civ. P. 34(b)(2)(A).

Discovery is effectively stayed prior to the Rule 26(f) conference. While Rule 34 requests may be delivered early, they are not considered served and the time to respond does not begin to run until the conference has taken place. Therefore, to the extent plaintiff's filing constitutes a motion to compel, it is DENIED as premature.

SO ORDERED, this the 11th day of June, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE