UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TRACY MOORE                                                                                    PLAINTIFF

V.                                                                                   NO. 1:19CV66-MPM

WAL-MART STORES, INC.
EMPLOYEE DOE(S)                                                                              DEFENDANTS

**ORDER**

This cause comes before the Court on the Plaintiff's motion for partial summary judgment [Doc. 13] and the Defendant having responded and the Court having reviewed the parties' submissions, now finds as follows:

**Facts**

Plaintiff, Tracy Moore (hereinafter "Moore), on March 16, 2018 purchased from the Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), two new tires for her vehicle. Wal-Mart placed the two new tires on the front of the vehicle and removed the back tires from the vehicle and replaced them with the vehicles' old front tires. On March 24, 2018, Moore and her family were travelling in her vehicle when allegedly a tire came off causing damages. The pleadings do not elaborate whether it was a front or rear tire that detached. Moore filed two claims with Wal-Mart's self-insurance company: one for property damages and the other for bodily injuries. Wal-Mart paid the claim for property damages on April 4, 2018 and denied payment for Moore's bodily injury claim. This civil action concerns Moore's alleged bodily injury claim.

1

**Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L Ed. 2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inference in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)).

**Discussion**

**A. Respondeat Superior**

Moore alleges a negligence claim and a vicarious liability claim under respondeat superior. She has filed for partial summary judgment for her vicarious liability claim under respondeat superior. Moore argues there is no genuine issue of material fact concerning liability for her alleged bodily injuries because Wal-Mart admitted its technician's fault caused Moore's property damages. However, Wal-Mart argues that discovery is needed to determine liability.

2

The Court will proceed to determine if there is a genuine issue of material fact concerning liability when Wal-Mart previously provided Moore payment for property damages.

Mississippi law provides that "[u]nder the doctrine of respondeat superior, the employer and employee are jointly and severally liable for injury caused by the employee's negligence. The practical implication of joint and several liability is that a plaintiff in a respondeat superior action may sue either the employer or the employee, or both." *Sykes v. Home Health Care Affiliates, Inc.*, 125 So.3d 107, 109 (Miss. Ct. App. 2013) (citations omitted) (emphasis added). Before a respondeat superior claim can be proved, the plaintiff must prove negligence.

In Mississippi, "[t]he elements of a negligence claim are duty, breach of duty, proximate cause, and damages." *Mladineo v. Schmidt*, 52 So.3d 1154, 11162 (Miss. 2010).

**B. Negligence**

Moore is able to prove negligence from two emails sent by Walmart's self-insured representatives. On March 28, 2018, a representative of Wal-Mart's self-insurance company stated "Per our conversation, I found the technician is at fault for the broken studs by over tightening the lug nuts during the service." (Plaintiff's Supporting Memorandum for Partial Summary Judgment, P. 13). On November 28, 2018, a different representative of Wal-Mart's self-insurance company stated "Payment was issued on 4/4/18 for the property damage claim number 8373439." (*Id.* at 14). This representative further stated "[w]e are denying liability on the bodily injury […]." (*Id*).

Duty is proven by the representative acknowledging a technician tightened the lug nuts on Moore's car. The duty is shown to be breached by the representative acknowledging the

technician tightened the lug nuts excessively. The representative also confirms that tightening of the lug nuts was the proximate cause of the broken studs. Finally, damages are proven by the second representative stating that payment was sent to Moore for her property damages.

The above correspondence indicates no genuine issue of material fact concerning liability for Moore's property damages.

However, Moore attempts to transfer Wal-Mart's liability for her property damages to her alleged bodily injuries. She essentially argues that once Wal-Mart admitted liability for her property damages then Wal-Mart is to be liable for all alleged damages. The Court disagrees. Admitting responsibility for one type of damage does not culminate in absolute liability for all other alleged damages. A plaintiff still needs to prove a defendant's liability for each category of damages sought, and she must also show that actual damages exist.

The Court finds Moore fails to do so. She incorrectly argues that Wal-Mart's previous admission of liability indicates that no genuine issue of material fact exists regarding her alleged bodily damages. Wal-Mart does not admit liability for Moore's alleged bodily injuries. Instead, it specifically denies it. As quoted earlier in this opinion, Wal-Mart's self-insurance company stated "[w]e are denying liability on the bodily injury […]." (*Id.* at 14).

Moore's partial summary judgment motion is premature. When the motion was filed, discovery had not begun. The Federal Rules of Civil Procedure create a partial summary judgment process that is best served by allowing all parties the chance to gather evidence and then have the court determine whether legitimate claims exist. At this point it is clear the parties have not fully gathered all the available evidence. As such, the court finds the request for partial summary judgment premature.

**Conclusion**

Therefore, the Court **DENIES** Plaintiff's *Motion for Partial Summary Judgment* [13].

**SO ORDERED**, this the 7th day of October, 2019.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**