IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRACY MOORE                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:19-cv-66-MPM-DAS

WAL-MART STORES, INC.                                                           DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Prohibit Garry L. Moore from Engaging in the

Unauthorized Practice of Law [49]. It is undisputed that Plaintiff's brother, Garry L. Moore, has

"ghost-written" most—if not all—the pleadings, motions, and correspondence in this matter on

his sister's behalf. Garry Moore attended and participated in the Rule 26(f) conference and this

Court entered an order allowing him to attend the settlement conference [46].[1] Email

correspondence with the Court is done from Garry Moore's email address.[2] In addition to the

ghost-writing, the Court finds particularly troubling a letter from Garry Moore to a claims

adjuster in this case that purports to be from "Garry Moore & Associates Office at Law." The

email address given for this "office at law" is "garrymoreofficeoflaw@gmail.com."[3]

"In all courts of the United States the parties may plead and conduct their own cases

personally or by counsel." 28 U.S.C. § 1654. Plaintiff is therefore permitted to represent herself

or to have *qualified counsel* appear on her behalf, but the law does not permit her to be

represented by an unlicensed layperson. *See Martin v. City of Alexandria*, 198 Fed. Appx. 344,

346 (5th Cir. 2006) ("Because *pro se* means to appear for one's self, a person may not appear on

---

1 While Plaintiff's motion was styled a "Request for Stand-By Help" [45], the order simply allowed Garry Moore to
"accompany her." In no way did it endorse him acting as her advocate during these proceedings.
2 The Court receives email from Tracy Moore via glm64garry@aol.com.
3 The Court notes that the letter is unsigned and is before the Court as an exhibit to Defendant's response to the
Motion for Stand-By Help [47-1].

another person's behalf in the other's cause."). More specifically, a non-lawyer "may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

Plaintiff argues that Garry has not engaged in the unauthorized practice of law because he has not and is not seeking compensation for his services. This argument is unavailing. "[T]he practice of law does not necessarily involve charging or receiving a fee for services performed. . . . The character of the service and its relation to the public interest determines its classification, not whether compensation is charged for it." *Darby v. Miss. State Bd. of Bar Admissions*, 185 So. 2d 684, 687 (Miss. 1966). "The 'practice of law' under the laws of the State of Mississippi includes but is not limited to 'the drafting or selection of documents, the giving of advice in regard to them, and the using of an informed or trained discretion in the drafting of documents to meet the needs of the person being served.'" *Miller v. Lowe's Home Centers, Inc.*, 2005 WL 8162588, n.1 (N.D. Miss. April 20, 2005) (quoting *Darby*, 185 So. 2d at 687). "This 'prohibition against others than members of the bar of the State of Mississippi from engaging in the practice of law is not for the protection of the lawyer against lay competition, but is for the protection of the public.'" *Id.*

For these reasons, Defendant's motion is GRANTED, and Garry L. Moore is hereby PROHIBITED from providing further assistance to Plaintiff which would constitute the practice of law in this case, including but not limited to drafting motions or pleadings, and appearing at depositions, hearings, status conferences, or trial.[4] Nor shall Garry Moore communicate with the

---

4 To be clear, Garry Moore may attend trial to the extent the trial is open to the public. He may not, however, act as Plaintiff's counsel or give her advice as to trial preparation, practice, procedure, or strategy. Nor does this order prohibit him from serving as a witness if appropriately designated and called.

Court on Plaintiff's behalf.

SO ORDERED, this the 30th day of December, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE